DARNELL DESHAWN MCCRIMMON                                                    MOVANT

v.                                                                        No. 1:01CR55-B

UNITED STATES OF AMERICA                                                  RESPONDENT


## MEMORANDUM OPINION

This matter comes before the court on the motion of Darnell Deshawn McCrimmon to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The government has responded to the motion, and the petitioner has replied.  The matter is ripe for resolution.  For the reasons set forth below, the instant motion to vacate, set aside, or correct McCrimmon's sentence shall be denied.

### Facts and Procedural Posture

The petitioner, Darnell Deshawn McCrimmon ("McCrimmon"), was charged in a thirteen-count indictment, along with eleven other defendants in the Northern District of Mississippi for one count of drug conspiracy.  On September 11, 2001, following an identity hearing, the court ruled there was probable cause that McCrimmon was in fact "Darnell Williams" as listed in the indictment and arraigned him on count one of the indictment.  A superceding indictment was later returned on September 19, 2001, replacing the original indictment.  On February 3, 2003, McCrimmon pled guilty to count one of the superceding indictment for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), and 846.  On April 17, 2003, he was sentenced to 168 months of imprisonment to be followed by three years of supervised release.[1]  On direct appeal, the Fifth Circuit Court of Appeals vacated and remanded the case for re-sentencing holding that the

---

[1] The pre-sentence report indicated an offense level 35 and a criminal history category I, resulting in a sentencing guideline range of 168-210 months of imprisonment.

district court should "fully explore" whether McCrimmon satisfied the safety-valve requirements of U.S.S.G. § 5C1.2.  *United States v. McCrimmon*, 97 Fed.Appx. 484, 2004 WL 1114531 (5th Cir. 2004).  However, on October 18, 2004, the district court held that McCrimmon failed to qualify for downward departure under the "safety valve" provision and again sentenced him to 168 months imprisonment.  On March 20, 2006, the Fifth Circuit affirmed McCrimmon's sentence.  *United States v. McCrimmon*, 443 F.3d 454 (5th Cir. 2006).  The United States Supreme Court denied *certiorari*.  *McCrimmon v. United States*, 547 U.S. 1120 (2006).

On April 23, 2007, McCrimmon filed his *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[2]  He sets forth three grounds for relief:  ineffective assistance of counsel, conflict of interest, and right of allocution:

1.      That appellate counsel, Kenneth Coghlan, was ineffective for failing to challenge the issue of drug quantity on direct appeal.

2.      That appellate counsel, Kenneth Coghlan, suffered from a conflict of interest on direct appeal due to Coghlan's prior representation of a cooperating government witness.

3.      That he was denied the right of allocution at the resentencing hearing in violation of Rule 32(c)(3)(C) of the Federal Rules of Criminal Procedure.

**One-Year Limitation Period**

This motion is timely pursuant to the United States Supreme Court holding of *Clay v. United States*, 537 U.S. 522 (2003).  A defendant has one year from the date his conviction becomes final to file a motion to vacate. 28 U.S.C. § 2255.  The *Clay* court held that a conviction becomes final, for purposes of calculating the one-year limitation period, when time expires for filing a petition for certiorari contesting the appellate court's affirmance of conviction.  *Clay v.*

---

[2] Though McCrimmon filed a motion to amend his pending 2255 motion seeking reduction of sentence pursuant to the retroactive amendment of the U.S. Sentencing Guidelines 2D.1, such a motion, as related to this 2255, is futile.

*United States*, 537 U.S. 522, 525 (2003). After his conviction is affirmed by the appellate court, a defendant has ninety days to seek a writ of certiorari. *See* Sup. Ct. R. 13. In this case, McCrimmon timely filed his petition for certiorari, which was subsequently denied by the Supreme Court on May 1, 2006. Accordingly, this motion was filed within the one-year limitation period and McCrimmon's 2255 claims are proper before this court.

## Claim One:  Drug Quantity

McCrimmon alleges that appellate counsel was ineffective on direct appeal for failing to challenge the drug quantity amounts used by the district court in calculating his sentence. He argues that the cocaine base amounts used in his sentence, which were neither proven by admission nor found beyond a reasonable doubt by a jury, constituted clear or obvious error. McCrimmon believes that Coghlan's decision not to raise the issue of drug quantity on appeal was unreasonable and prejudicial. Pet. Br. 3-4. McCrimmon thus argues that he was denied the right to appeal this issue during his second appeal to the Fifth Circuit.

To establish that counsel provided ineffective assistance, a movant under 28 U.S.C. § 2255 must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court must "strongly presume" that counsel's conduct was reasonable; in other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689-90. The court must not analyze counsel's actions by clarity of hindsight; instead, the court must view counsel's actions using the information reasonably available to counsel at the time of the representation. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Should the court determine that counsel's performance was deficient, "then [the court] must determine whether there exists a reasonable probability that but

for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Mere failure to raise a particular issue on appeal is insufficient to constitute ineffective assistance of counsel. *Smith v. Murray*, 477 U.S. 527, 535 (1986). In fact, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith* at 536 (quoting *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)). An attorney "need not advance every argument, regardless of merit, urged by the appellant." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

The drug quantity argument was, at the time, a weak one. On direct appeal, Coghlan raised two issues: whether the district court (1) erred by not providing McCrimmon "safety valve" relief under U.S.S.G. § 5C1.2, and (2) had jurisdiction to entertain his guilty plea. These were valid appealable issues – and McCrimmon, indeed, prevailed on one issue. Through Coghlan's appellate advocacy, the Fifth Circuit vacated and remanded the sentence to this court. Coghlan decided not to raise the issue of drug quantity, even though McCrimmon requested him to do so – a sound appellate strategy. A court must view counsel's actions using the information reasonably available at the time of the representation. At the time of McCrimmon's initial appeal, neither *Blakely v. Washington*, 542 U.S. 296 (2004) nor *United States v. Booker*, 543 U.S. 220 (2005) had been decided. Though *Apprendi v. New Jersey*, 530 U.S. 466 (2000) had been decided, at that time, the law was clear regarding the use of drug quantities in calculating McCrimmon's sentence. *United States v. Pineiro*, 377 F,3d 464 (5th Cir. 2004). Because McCrimmon's original sentence did not exceed the statutory maximum set forth in the United States Code, any argument related to an *Apprendi* error would have been rejected under the prevailing law. As such, Coghlan's strategic choice of claims on direct appeal was reasonable –

and did not amount to prejudice. Therefore, this ground for relief is without merit and will be denied.

## Claim Two: Conflict of Interest

McCrimmon next argues that appellate counsel, Kenneth Coghlan, labored under a conflict of interest arising out of his prior representation of Marcus Dawson – a cooperating government witness who testified against McCrimmon at sentencing. He argues that Coghlan, through his prior representation, became aware of several details related to Dawson's cooperation with the government, including a controlled buy made by Dawson from McCrimmon. He believes that Coghlan had an actual conflict of interest, which ultimately prejudiced his representation of McCrimmon. Pet. Br. 5-6. He argues further that his request for Coghlan to raise the issue of drug quantity on appeal "was disregarded as a tactic by counsel to avoid this conflict." Pet. Br. 6.

On August 28, 2001, the district court appointed Coghlan to represent McCrimmon as appellate counsel. Soon after, McCrimmon filed a *pro se* motion with the Fifth Circuit Court of Appeals requesting conflict-free counsel. The Fifth Circuit denied the motion, holding that no conflict of interest existed. Coghlan continued his representation of McCrimmon on direct appeal. Coghlan's representation pertained solely to issues on appeal and did not require the return of Dawson as a government witness; as such, Coghlan did not operate under a conflict of interest. Likewise, Coghlan's decision not to appeal the determination of drug quantity appears unrelated to the conflict of interest issue. Finally, the Fifth Circuit has already decided this issue against McCrimmon; as such it is procedurally barred on § 2255 review. *United States v. Kalish*, 780 F.2d 506, 508 (5ᵗʰ Cir. 1986). Therefore, McCrimmon's claim that his appellate attorney operated under a conflict of interest will be denied.

## Claim Three:  Allocution

McCrimmon last alleges that his substantive rights were violated by the district court's

failure to comply with Rule 32(c)(3)(C) at his resentencing hearing.  He argues that he was

denied the opportunity to voice objections or present mitigating facts and circumstances which

might have afforded him a more favorable sentence – that the court violated his right of

allocution.[3] Pet. Br. 7.

Although both McCrimmon and the government refer to Rule 32(c)(3)(C) of the Federal

Rules of Criminal Procedure, the applicable allocution requirement was re-codified to Rule

32(i)(4)(A)(ii), effective December 1, 2002.  Rule 32(i)(4)(A)(ii) requires that, before imposing

sentence, a district court "address the defendant personally in order to permit the defendant to

speak or present any information to mitigate the sentence."  Fed.R.Crim.P. 32(i)(4)(A)(ii).

At McCrimmon's first sentencing, the court afforded him the opportunity to allocute,

beginning at page 2:

> **THE COURT:**  Okay. Mr. McCrimmon, on a previous day, you entered a plea of
>
> guilty to Count 1, which charged you with the conspiracy to possess with intent to
>
> distribute cocaine base.  You are before this Court for sentencing now. Is there
>
> anything you want to state before sentencing?
>
> **THE DEFENDANT:**  I just want to show remorse for being involved --
>
> **THE COURT:**  You want to show remorse?
>
> **THE DEFENDANT:**  -- in the situation and involved with these, you know --
>
> **THE COURT:**  Pardon me?

---

[3] McCrimmon argues that had he been given the opportunity to allocute, he would have offered
evidence that he had completed the G.E.D. program at F.C.I. Victorville, enrolled in classes at
Coastline Community College, maintained clear conduct, and would have voiced his objection to
the conflict of interest he and his counsel faced.  Pet. Br. 7.

**THE DEFENDANT:** Involving myself with this situation in general and being

before you today.

Sent. Tr. 2.

However, at McCrimmon's resentencing, following remand from the Fifth Circuit, McCrimmon did not get the opportunity to allocute.

A defendant's right of allocution extends to resentencing hearings when his original sentence has been vacated. *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991). Distinguishing between proceedings "that modify an existing sentence and those that impose a new sentence after the original sentence has been set aside," the court held that the latter entitled a defendant to be present and to allocute.[4] *Id*. at 656. Regarding § 2255 motions, however, a district court's failure to follow the formal requirements of Rule 32 at resentencing is not of itself an error that can be raised by collateral attack. *Hill v. United States*, 368 U.S. 424, 426-28 (1962); *see United States v. Reyna*, 358 F.3d 344, 352 (5th Cir. 2004); *United States v. Avila-Cortez*, 582 F.3d 602, 606 (5th Cir. 2009). Absent any "aggravating circumstances" that prejudice the defendant, the denial of a right of allocation does not "inherently resul[t] in a complete miscarriage of justice" nor present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id*. at 428. Accordingly, the court must determine whether "aggravating circumstances" existed to render McCrimmon's resentencing a "complete miscarriage of justice."[5] No such circumstances were present in this case.

---

[4] A defendant need not be present for a mere modification of sentence "unless the modification makes the sentence more onerous." *Moree*, 928 F.2d at 655-56.

[5] Defendant must "show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred." *Reyna*, 358 F.3d at 356 (Jones, J., concurring).

Because McCrimmon received the lowest available sentence within the guideline range, he cannot prevail on his allocution claim in the instant motion. McCrimmon has not set forth any substantial mitigating factors he would have offered had he been given the chance to allocute during the second sentencing proceeding. Thus, in turn, he has not shown any reason for the district to have made a downward departure from the guidelines during sentencing. Even McCrimmon's claim concerning his desire to raise the conflict of interest issue would have fallen short – because the Fifth Circuit had already ruled on this issue, thus barring this court from rendering a contrary ruling during § 2255 review. Finally, McCrimmon addressed the court before the imposition of his original sentence. As such, the court's resentencing, though procedurally flawed (because McCrimmon did not have another opportunity to address the court), did not amount to a "complete miscarriage of justice." The purpose of allocution had already been served in the district court's original sentence, and the second sentence was the same as the first. McCrimmon's claim for relief based upon his right to allocution is therefore denied.

For the reasons set forth above, the instant motion [333] by Darnell Deshawn McCrimmon to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this the 20th day of November, 2009.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE